<u>Not for Publication</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| E.C.,<br><br>                                  Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                                  Defendant. | Civil Action No. 24-cv-6738 (SRC)<br><br>OPINION |

<u>**CHESLER**</u>, District Judge

This matter comes before the Court on the appeal by Plaintiff E.C. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"), 42 U.S.C. § 1381, <u>et seq</u>. This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g). Having considered the parties' submissions, (D.E. No. 9 ("Pl.'s Mov. Br."); D.E. No. 13 ("Def.'s Opp. Br."); D.E. No. 14 ("Pl.'s Reply Br.")), the Court decides this matter without oral argument and, for the reasons set forth below, the Court vacates and remands the decision of the Commissioner.

**I.     BACKGROUND**

On December 21, 2021, Plaintiff filed an application for DIB. (D.E. No. 5-2, Administrative Record ("Tr.") at 23.) Plaintiff alleged disability starting January 31, 2021. This claim was initially denied on May 31, 2022, and upon reconsideration on August 29, 2022. A

hearing was held before Administrative Law Judge ("ALJ") Peter Lee on February 8, 2023, and on April 3, 2023, the ALJ issued a decision determining that Plaintiff was not disabled under the Act because, given Plaintiff's residual functioning capacity ("RFC"), Plaintiff remained capable of performing jobs existing in significant numbers in the national economy. Plaintiff sought review of the ALJ's decision from the Appeals Council. After the Appeals Council denied Plaintiff's request on April 9, 2024, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the April 3, 2023 decision, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff had the RFC to perform light work with certain limitations. The ALJ also found that Plaintiff was able to perform his past relevant work as a general clerk. Thus, the ALJ determined that Plaintiff was not disabled within the meaning of the Act. On appeal, Plaintiff argues that substantial evidence does not exist to support the ALJ's determination as to Plaintiff's RFC.

II.   LEGAL STANDARD

This Court must affirm the Commissioner's decision if it is "supported by substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); Stunkard v. Sec'y of Health and Human Services, 841 F.2d 57, 59 (3d Cir. 1988); Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Substantial evidence "is more than a mere scintilla of evidence but may be less than a preponderance." McCrea v. Comm'r of Soc. Sec., 370 F.2d 357, 360 (3d Cir. 2004). The Supreme Court reaffirmed this in Biestek v. Berryhill, 587 U.S. 97, 103 (2019). The reviewing court must consider the totality of the evidence and then determine whether

there is substantial evidence to support the Commissioner's decision. See Taybron v. Harris, 667 F.2d 412, 413 (3d Cir. 1981).

### III. DISCUSSION

On appeal, Plaintiff argues the Court should vacate and remand the decision of the Commissioner because the ALJ failed to properly evaluate: (i) the medical opinion of a consulting neurologist and properly determine Plaintiff's RFC; and (ii) Plaintiff's testimony regarding his subjective symptoms. At step four, the ALJ determined that Plaintiff retained the RFC to perform "light work" with certain limitations:

> the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he can never climb ropes, ladders or scaffolds; can occasionally be exposed to unprotected heights; can frequently climb stairs and ramps; can occasionally crawl; can frequently kneel; can frequently stoop and crouch; and frequently balance.

(Tr. at 27.)

Under the Regulations, "light work" involves:

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 CFR 404.1567(b).

In arriving at the RFC determination, the ALJ stated he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective

medical evidence." (Tr. at 27.) The ALJ considered Plaintiff's statements regarding his pain and symptoms and found Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms [to be] not entirely consistent with the medical evidence and other evidence in the record." (Id. at 28.)

The ALJ also looked to medical opinions and prior administrative findings, including reports of experts utilized by the Disability Determination Services ("DDS"). The ALJ noted that DDS' experts "found that the claimant had severe impairments including lumbar spinal stenosis and obesity but they found that the evidence was medically insufficient to establish any residual functional capacity." (Id. at 29.) The medical experts used by DDS declined to establish an RFC determination for Plaintiff, thus concluding he was not disabled, because Plaintiff had failed to cooperate in providing additional medical information needed for DDS to fully assess the severity of Plaintiff's condition. (Ex. 1A to D.E. No. 5-3.) The ALJ rejected the opinion of the DDS' medical experts on this point, noting that their opinions "were supported by the evidence available at the time of their review" but "in evaluating the record that is now available for review" "the evidence is consistent with the determination that the claimant has physical limitations but is only limited to a range of light work and is not precluded from performing all work activity." (Tr. at 29.) The ALJ also considered the opinion of consulting neurologist, Dr. Ranga Chelva Krishna, who "opined that the claimant was limited to less than sedentary work." (Id.) In a March 7, 2022 Summary Report, Dr. Krishna noted that Plaintiff had an inability to crawl, kneel, squat or lift more than 10 pounds of weight as justification for limiting Plaintiff to less than sedentary work. (Ex. 5F to D.E. No. 5-12.) The ALJ rejected Dr. Krishna's opinion and concluded the opinion was "unclear" and "such restrictive findings [were] not consistent with the claimant's objective imaging or with his treatment notes." (Tr. at 29.) In this appeal, Plaintiff argues the ALJ

4

"neglected to articulate what evidence, if any, supports [the] conclusion that [Plaintiff] can perform light work[.]" (Pl.'s Mov. Br. at 11.)

The Court finds that the ALJ has not adequately explained his reasoning for the RFC determination to permit meaningful judicial review. An ALJ need not "use particular language or adhere to a particular format in conducting his analysis," so long as "there is sufficient development of the record and explanation of findings to permit meaningful review." Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004). If the ALJ fails to satisfy this baseline requirement, the appropriate recourse is to vacate the decision and remand the matter for further analysis. See Burnett v. Commissioner of SSA, 220 F.3d 112, 120 (3d Cir. 2000).

Here, the ALJ's decision does not contain an explanation of his reasoning sufficient to enable meaningful judicial review. Indeed, the decision gives no explanation of why the ALJ concluded, from the evidence of record, that Plaintiff retains the residual functional capacity for light work with certain limitations. In finding the opinions of the medical experts utilized by DDS to be unpersuasive, the ALJ concluded that "in evaluating the record that is now available for review" "the evidence is consistent with the determination that the claimant has physical limitations but is only limited to a range of light work and is not precluded from performing all work activity." (Tr. at 29.) However, the ALJ failed to point to any medical evidence he relied upon in arriving at this determination. Similarly, despite claiming Dr. Krishna's "restrictive findings are not consistent with the claimant's objective imaging or with his treatment notes" and the opinion of Dr. Krishna is not "consistent with the record evidence in its entirety," the ALJ did not point to any medical evidence which contradicts Dr. Krishna's conclusion and which he relied upon in determining Plaintiff's RFC. (Tr. at 29.) "[T]here is a particularly acute need for some explanation by the ALJ when s/he has rejected relevant evidence[.]" Cotter v. Harris, 642 F.2d

5

700, 706 (3d Cir. 1981). "Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." Id. at 706-07. Here, however, the ALJ points to no assessment, opinion, or finding by any medical expert which instead suggests that Plaintiff retains the RFC for light work with the limitations he outlined. As the decision stands, the Court is unable to assess whether the ALJ has rejected Dr. Krishna's opinion for "no reason or the wrong reason." See Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999) (quoting Mason v. Shalala, 994 F.2d 1058, 1066 (3d Cir. 1993)).

In opposition, the Commissioner points to medical evidence in support of the ALJ's finding that Dr. Krishna's opinion was not consistent with Plaintiff's objective imaging or treatment notes. (Def.'s Opp. Br. at 10.) The issue with the Commissioner's argument, however, is that there is no indication the ALJ even relied on the evidence the Commissioner points to. Nowhere in the decision does the ALJ note what evidence he relied upon in determining Plaintiff's RFC or in rejecting Dr. Krishna's opinion. Instead, the ALJ's explanation appears to rest on his contention that in arriving at the RFC determination, he "fully considered all the medical opinions and prior administrative findings" but did not "defer or give any specific evidentiary weight, including controlling weight, to any prior administrative medical findings or medical opinions." (Tr. at 29.)[1]

---

[1] Another concern arises with the ALJ's explanation. An ALJ may not "employ her own expertise against that of a physician who presents competent medical evidence." Plummer, 186 F.3d at 429; Masher v. Astrue, 354 F. App'x 623, 627 (3d Cir. 2009); Ferguson v. Schweiker, 765 F.2d 31, 37 (3d Cir. 1985) ("By independently reviewing and interpreting the laboratory reports, the ALJ impermissibly substituted his own judgment for that of a physician; an ALJ is not free to set his own expertise against that of a physician who presents competent evidence."). Here, in concluding he did not "defer or give any specific evidentiary weight, including controlling weight, to any prior administrative medical findings or medical opinions" in formulating Plaintiff's RFC and further noting that Dr. Krishna's "restrictive findings are not consistent with the claimant's

6

While these statements could potentially be developed into an explanation, without more in their present form, they do not constitute an adequate explanation. The Court cannot review a step four determination without an explanation of the reasoning and the ALJ has failed to state what medical evidence of record he relied upon in arriving at the RFC determination to permit any meaningful review.

In short, the ALJ's decision does not contain sufficient explanation of the RFC determination at step four to permit meaningful review. The decision is without any discussion of the medical evidence the ALJ relied upon in arriving at the RFC determination and thus, the ALJ's determination must be vacated and remanded, pursuant to Burnett, 220 F.3d at 119.

## IV.   CONCLUSION

For the reasons stated above, this Court finds that the ALJ's decision is not amenable to meaningful judicial review within the meaning of Burnett. The Commissioner's decision is vacated and this case is remanded to the Commissioner for further proceedings in accordance with this Opinion.

    s/Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

**Dated:** May 16, 2025

---

objective imaging or with his treatment notes," the ALJ appears to have impermissibly substituted his own medical judgment and lay opinion for that of a medical expert. The ALJ made a medical judgment that Dr. Krishna's opinion was not consistent with the medial evidence of record based on his own interpretation of the medical reports and evidence of record, contrary to Third Circuit law. It is not for the ALJ to interpret medical data or substitute his own opinion for those of a medical expert, and he cannot reject the conclusion of a medical expert, finding that Plaintiff could only perform less than sedentary work, without pointing to medical evidence of record finding that Plaintiff could perform more than sedentary work. As such, the Court is unable to conclude that the RFC determination is supported by substantial evidence.